UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

TYRELL WOODRUFF, #102, 1424 CEDAR ST, SE, WASHINGTON, DC 20020 )
    Plaintiff, )
     )
vs. )
     )
UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, 320 1st ST, NW, WASHINGTON, DC 20534 )
    Defendant. )

Case: 1:16-cv-01884 Jury Demand
Assigned To : Moss, Randolph D.
Assign. Date : 9/20/2016
Description: Pro Se Gen. Civil (F Deck)

## FEDERAL TORT CLAIMS ACT
## COMPLAINT FOR MONETARY DAMAGES

This is a civil complaint for monetary damages brought by Tyrell Woodruff, *pro se*, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*

### JURISDICTION

1. Jurisdiction before this Court is invoked pursuant to 28 USC §1346(b) and the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*, for severe physical injury to Plaintiff proximately caused by employees of the Federal Correctional Institution, Gilmore, W.Va. (FCI Gilmore), on January 13, 2015.

### PARTIES

2. At all times material to this complaint, Plaintiff Tyrell Woodruff was incarcerated at FCI Gilmore.

3. At all times material to this complaint, employees of United States, through their acts and omissions, proximately caused physical injury to Plaintiff at FCI Gilmore, and therefore the United States is the sole Defendant in this action.

RECEIVED
AUG 29 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

/

## FACTS

4. While incarcerated at the FCI Gilmore, on January 13, 2015, at approximately 3 p.m., Plaintiff Tyrell Woodruff (Woodruff) was subjected to an unprovoked attack in the general population inmate recreation yard. An unidentified inmate walked toward Woodruff and as he was passing by him, turned and attacked Woodruff with a home-made knife. Woodruff attempted to defend against his attacker, and yelled for the correctional staff to intervene to stop the battery, but the officers did not respond until approximately 20-25 minutes after the attack, and then only came into the area because they were conducting a routine yard closing prior to the 4 p.m. institutional inmate count.

5. Woodruff was in shock, had lost a considerable amount of blood, and sustained 5 or more puncture wounds and abrasions to his head.

6. After the yard officers came to close the yard, they noticed Woodruff seated and bleeding profusely. He was escorted to the medical unit and was treated by Physician's Assistant Christina Gherke. The major head wound was sutured with approximately 12 staple sutures.

7. Woodruff was placed in the FCI Gilmore segregation unit pending an investigation into the attack.

8. Woodruff experienced pain, suffering, and currently continues to suffer emotional distress and fear as a result of this unprovoked attack.

9. Woodruff avers that he was subjected to negligence proximately caused by correctional staff allegedly on duty at the recreation yard on January 13, 2015, at FCI Gilmore.

10. *Inter alia,* staff failed to respond and did not make any attempt to intervene and stop the attack, even though staff members were within earshot of Woodruff's calls for assistance.

11. Security was insufficient and well below the standard of care owed to Woodruff at the institution, and as a result of these breaches, inmates were able to enter the recreational yard at will armed with weapons.

12. Security procedures after the attack sustained by Woodruff were upgraded with additions to the entrance way of the recreation yard where the battery and attack Woodruff sustained took placed on January 13, 2015.

13. Woodruff submitted a Standard Form 95 to the Central Office, Federal Bureau of Prisons, Washington, D.C. (BOP) on September 14, 2015, *via* certified mail/return receipt (No. 7012 1640 0000 9287 5985) requesting the sum certain of $500,000.00. Plaintiff's Exhibit 1 herewith submitted and attached. Although U.S. Postal Service Tracking indicates that the BOP received the Standard Form 95 on September 18, 2015, there was no response from the BOP.

## LEGAL CLAIMS

14. As a result of this continuing, ongoing tort, done purposefully and knowingly, as stated above, Woodruff seeks a sum certain of $500,000.00 for the deliberate and wanton negligence involved in this matter. As a result of the aforementioned acts and omissions, Woodruff continues to suffering pain, and mental distress proximately caused by correctional staff allegedly on duty at the FCI Gilmore recreation yard on January 13, 2015.

## RELIEF REQUESTED

WHEREFORE Plaintiff Tyrell Woodruff seeks a bench trial, damages in the amount of $500,000.00, and such other and further relief as this Honorable Court deems just and equitable.

Dated: 8-29-16

Respectfully submitted,

*/s/ Tyrell W. Woodruff*

Tyrell Woodruff
Plaintiff, *pro se*
1424 Cedar Street, S.E.
Washington, D.C. 20020
(202) 678-2019 (Home)
(301) 919-0610 (Mobile)

## VERIFICATION

Plaintiff Tyrell Woodruff hereby verifies, under penalty for perjury pursuant to 28 U.S.C. §1746, that the foregoing Complaint is true and correct, based on personal knowledge, information and belief, and that the attached Exhibit 1, is a true copy of the original document currently under the care, custody, and control of agents of the Defendant United States.

Dated: 8-29-16

*/s/ Tyrell Woodruff*

Tyrell Woodruff
Plaintiff, *pro se*
1424 Cedar Street, S.E.
Washington, D.C. 20020
(202) 678-2019 (Home)
(301) 919-0610 (Mobile)

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**
FEDERAL BUREAU OF PRISONS, CENTRAL OFFICE
320 1ST STREET, N.W. WASHINGTON, DC 20534

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.
TYRELL WOODRUFF
1424 CEDAR STREET, SE #102
WASHINGTON, DC 20020

**3. TYPE OF EMPLOYMENT**
☐ MILITARY  ☒ CIVILIAN

**4. DATE OF BIRTH**
12-11-82

**5. MARITAL STATUS**
S

**6. DATE AND DAY OF ACCIDENT**
1-13-15

**7. TIME (A.M. OR P.M.)**
3 P.M.

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

PLEASE SEE ATTACHED SHEET

**PLAINTIFF'S EXHIBIT 1**

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

PLEASE SEE ATTACHED SHEET

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
|  |  |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
|  | $500,000.00 |  | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side).
*Tyrell Woodruff*

**13b. PHONE NUMBER OF PERSON SIGNING FORM**
(202) 678-2019

**14. DATE OF SIGNATURE**
9-11-15

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

## ATTACHMENT TO STANDARD FORM 95, TYRELL WOODRUFF

While incarcerated at the Federal Correctional Institution, Gilmore, W Va 26351 (FCI Gilmore), on January 13, 2015, at approximately 3 pm, I was subjected to an unprovoked attack in the general population inmate recreation yard. An unidentified inmate walked toward me and as he was passing me, turned and attacked me with a home-made knife. I attempted to defend against his attack, and yelled for the correctional staff to intervene to stop the battery, but the officers did not respond until approximately 20-25 minutes after the attack, and then only came into the area because they were conducting a routine yard closing. I was in shock, had lost a considerable amount of blood, and sustained 5 or more puncture wounds and abrasions to my head. After the yard officers came to close the yard, they noticed me seated and bleeding profusely. I was escorted to the medical unit and was treated by Physician's Assistant Christina Gherke. The major head wound was sutured with approximately 12 staple sutures. I experienced pain, and suffering, and currently continue to suffer emotional distress and fear as a result of this unprovoked attack.

I state that I was subjected to negligence because correctional staff on duty on the yard on January 13, 2015, failed to respond and/or make any attempt to intervene and stop the attack. In addition, security was insufficient and lax at the institution allowing inmates to enter the recreational yard armed with weapons. Security procedures and additional metal detectors were added <u>after</u> the battery and attack I sustained on January 13, 2015.

*Tyrell Woodruff*

Tyrell Woodruff
1424 Cedar Street, SE #102
Washington, DC 20020
(202) 678-2019