**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TYRELL WOODRUFF,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

Civil Action No. 16-1884 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, originally brought this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Dkt. 1. He contends that while he was incarcerated at the Gilmer Federal Correction Institution ("FCI Gilmer") in West Virginia, another inmate "assaulted him in the recreation yard." *Woodruff v. United States*, No. 16-1884, 2017 WL 4286190, at *1 (D.D.C. Sept. 26, 2017). Plaintiff seeks to hold the United States liable for his injuries on the grounds that "the prison lacked adequate security measures to prevent such attacks and that the correctional officers [in the yard at the time] failed to intervene once the incident was underway." *Id.* His complaint "asserts a single claim for negligence against the United States." *Id.* The government moved to dismiss, Dkt. 13, asserting that it was immune from suit under the discretionary function exception to the FTCA's waiver of sovereign immunity, *id.* at 12–16. The Court, however, denied that motion as premature and afforded Plaintiff an opportunity to conduct limited jurisdictional discovery. *Woodruff*, 2017 WL 4286190, at *3–4. Meanwhile, Plaintiff has moved for leave to amend his complaint, Dkt. 23. Because the proposed amendment would be futile, the Court will **DENY** the motion.

Under the Federal Rules of Civil Procedure, the Court must "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "does not mean that a motion for leave to amend must be granted as a matter of course." *Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181 (D.D.C. 2017). Instead, the Court must consider whether "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment"—counsels against allowing the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the United States contends that Plaintiff's proposed amendment would not survive a motion to dismiss.

According to Plaintiff, the amended complaint would add the "3 to 5" as yet unnamed "[c]orrectional [o]fficers" who, during the attack, were assigned to "the [recreation] yard compound [or] perimeter vehicles." Dkt. 23 at 1. He intends to seek damages from these individuals, and, accordingly, the amended complaint would name them as defendants in their individual capacities. *See* Dkt. 23-1 at 1. The proposed amended complaint asserts claims under (1) 42 U.S.C. § 1983; (2) 28 U.S.C. § 1331; and (3) *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

As the party asserting jurisdiction, Plaintiff bears the burden of "mak[ing] a *prima facie* showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). "A court may dismiss the complaint if it fails facially to plead facts sufficient to establish that the Court has jurisdiction, but 'where necessary, the [C]ourt may [also] consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts.'"

2

*Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C 2016) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

The United States argues that because the alleged acts that Plaintiff "attributes to the [officers] occurred in West Virginia and allegedly caused injury . . . in West Virginia," this Court lacks personal jurisdiction over those individuals.[1] In support of this contention, the government has submitted a declaration from Kimberly Knipe, an attorney advisor in the Office of General Counsel within the Bureau of Prisons. According to the Knipe Declaration, "three Recreation Specialists and two Perimeter Patrol Officers" were "on duty . . . during the time frame alleged in [Plaintiff's] [c]omplaint." Dkt. 27-2 at 2 (Knipe Decl. ¶ 4). Knipe further avers that all five officers "still work at FCI Gilmer" and "reside in the state of West Virginia." *Id.* (Knipe Decl. ¶ 4).

Because none of the officers are residents of the District of Columbia, Plaintiff must show that they may be sued under the D.C. long-arm statute. As relevant here, that law allows the Court to exercise personal jurisdiction over a nonresident "as to a claim" arising from that person's

    (1)    transacting any business in the District of Columbia;
    (2)    contracting to supply services in the District of Columbia;
    (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
    (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

---

[1] Although counsel for the United States does not currently represent the unnamed correctional officers, the Department of Justice is authorized by statute to file a statement of interest in any civil case in whil the United States is interested. *See* 28 U.S.C. § 517.

D.C. Code § 13-423. Where, as here, a party seeks to recover "for a tortious act or omission that occurred in another jurisdiction," that party must allege and ultimately demonstrate "(1) that the allegedly wrongful act or omission caused a 'tortious injury in the District of Columbia' and (2) that the defendant has established significant ties to the District of Columbia by, for example, engaging in some 'persistent course of conduct' in the jurisdiction." *Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 126 (D.D.C. 2017) (quoting *Forras v. Rauf*, 812 F.3d 1102, 1107–08 (D.C. Cir. 2016)). Although it is "far from clear" that any of the officers have established ties with the District of Columbia, the Court need not reach that question because Plaintiff "founder[s] at the first step—he has failed to allege, or otherwise to identify, any 'tortious injury' that he sustained in the District of Columbia." *Id.* In light of this jurisdictional defect, the Court could not entertain Plaintiff's claims against the individual officers,[2] and the proposed amendment would be futile. Accordingly, Plaintiff's motion for leave to amend, Dkt. 23, is hereby **DENIED**.

    **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 23, 2018

---

[2] Neither party has offered any evidence, or reason to believe, that these officers would consent to be sued in the District of Columbia.